■ In the Matter of COMMISSIONER OF CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES for Appointment of a Guardian for BESSIE C., a Person Alleged to be Incapacitated, Respondent. RICHARD L. C., Appellant. (Appeal No. 1.) [639 NYS2d 234]

Bessie C.'s husband, Earl L. C., died on October 23, 1993, leaving a will in which he made no provision for his wife because she was suffering from Alzheimer's disease. Pursuant to EPTL 5-1.1 (a), Bessie C. has the right to an elective share of her husband's estate. Her present condition and her inability to decide for herself whether to exercise that right give rise to the present proceedings. Bessie C.'s elective share of the estate is approximately $50,000.

The Commissioner of the Cayuga County Department of Social Services (DSS) petitioned Supreme Court to be appointed special guardian of Bessie C. for the purpose of exercising her right of election in her husband's estate and thereafter to be appointed her Personal Needs and Property Management guardian. Richard L. C., a son of Bessie C., and executor and beneficiary of the estate of Earl L. C., cross-petitioned, seeking to have himself appointed as guardian for both purposes.

The court, after conducting hearings, determined that Bessie C. was an incapacitated person, a finding supported by the record, and appointed the Commissioner of DSS special guardian for the purpose of exercising the right of election on Bessie C.'s behalf. The court further appointed the Commissioner guardian of the property and person of Bessie C., with the direction that her net assets shall be used for her future maintenance, support and care. That was error.

In considering the eligibility of a potential guardian, the court is mandated to consider several factors, including "any conflicts of interest between the person proposed as guardian and the incapacitated person" (Mental Hygiene Law § 81.19 [d] [8]). The Social Services Law defines as a preferred creditor a public welfare official like the Commissioner of DSS (see, Social Services Law § 2 [1], [8]), who seeks to recoup payments or resources from the recipient of public assistance (Social Services Law § 104 [1]; see, Matter of Lainez, 79 AD2d 78, 79-80, affd 55 NY2d 657). Thus, the Commissioner of DSS has a conflict of interest with Bessie C. and should not have been appointed guardian of her property. A neutral, disinterested person should be appointed guardian of the property of the incapacitated person.

For the same reason, it was error to appoint the Commissioner of DSS special guardian of the incapacitated person for the purpose of exercising her right of election. The neutral, disinterested guardian of her property should make application to the court to exercise that function if he or she is so advised.

As both executor and beneficiary of the estate of Earl L. C., Richard L. C. also has a conflict of interest with Bessie C. that bars his appointment as guardian of her property. There appears to be no bar to his appointment as guardian of the person of Bessie C., however, and he should have been so appointed.

The issue whether the guardian may make gifts on behalf of the incapacitated person or transfer her property is not properly before us and should be the subject of further proceedings pursuant to Mental Hygiene Law § 81.21 (a) (1); (b).

The court properly revoked the power of attorney executed by Bessie C. in favor of Richard L. C. on May 6, 1994. There is sufficient support in the record to conclude that Bessie C. was at that time incapable of understanding the consequences of signing a legal document.

We modify the order and judgment in appeal No. 1 by reversing that portion that appointed the Commissioner of DSS special guardian of Bessie C. for the purpose of exercising her

right of election, and we remit the matter to Supreme Court to appoint a new special guardian. We modify the order and judgment in appeal No. 2 by reversing those portions that appointed the Commissioner of DSS guardian of the person and the property of Bessie C. and granting in part the cross petition of Richard L. C. insofar as he sought appointment as guardian of the person of Bessie C., and we remit the matter to Supreme Court to appoint a new guardian of her property. (Appeal from Order and Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Mental Hygiene Law.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.