■ In the Matter of JOHN K. LITTLE, as Executor of MARY E. LITTLE, Deceased, Appellant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [684 NYS2d 124] —Amended order unanimously reversed on the law without costs and petition granted. Memorandum: Mary E. Little (decedent) became a resident of the Cattaraugus County Nursing Home in March 1994 and received Medicaid Assistance

(MA) pursuant to Social Services Law § 366-c. On November 7, 1994, decedent's aunt died, leaving one third of her estate to decedent. Decedent received her first distribution from the estate in May or June 1995. Decedent died on June 27, 1995.

Respondent filed a claim against decedent's estate in the amount of $23,233.03, allegedly representing the cost of providing care for decedent between November 7, 1994 and June 27, 1995. Petitioner, the executor of the estate, rejected the claim and filed a petition in Surrogate's Court seeking an order disallowing the claim on the ground that respondent was not entitled to be reimbursed for the costs of providing MA to decedent until she actually received a distribution from the estate. Respondent filed an answer and counterclaim asserting that it was entitled to be reimbursed for those costs after the death of decedent's aunt because the bequest was available to decedent on the date of her aunt's death. The court agreed with respondent, approved the claim and ordered that it be paid by the estate. That was error.

The State regulations governing MA provide in relevant part that, in determining eligibility the agency "must consider only available income and resources" (18 NYCRR 360-2.3 [c] [1]). The term "available resources" includes "all resources in the control of the applicant/recipient. It also includes any resources in the control of anyone acting on the applicant's/recipient's behalf such as a guardian, conservator, representative or committee" (18 NYCRR 360-4.4 [b] [1]). Thus, the critical issue is the date when the inheritance was in the control of decedent. In *Matter of Dumbleton v Reed* (40 NY2d 586, 588), the Court of Appeals determined that FICA taxes were not income and thus not an available resource to an applicant for MA because there was no "dominion or control over the funds deducted." Similarly, in *Matter of De Rosa v Kirby* (87 AD2d 342, 345-346) the Second Department, relying on the State Department of Social Services Medical Assistance Eligibility Desk Reference Guide, concluded that a lump sum payment by the Veteran's Administration to a MA recipient is considered income in the month in which it is received. The guide refers to inheritances as "windfalls", which are to be considered income in the month of their receipt (*see also,* 42 USC § 1382a [a] [2] [D], [E]; 20 CFR 416.1121 [e], [g]).

The Surrogate concluded that this case is analogous to those cases in which MA recipients renounce bequests. When a legatee renounces an inheritance, however, she renounces her right to inherit, and the renunciation causes the Surrogate to treat the legatee as if she predeceased the testator and therefore

never had the right to inherit in the first place. The renouncing legatee is in violation of the requirement that she "pursue any potential income and resources that may be available" (18 NYCRR 360-2.3 [c] [1]). That is not the situation here. We recognize the potential for collusion between the executor of the estate and the legatee. It is not disputed, however, that petitioner acted in an exemplary manner, and there is no allegation of bad faith or fraud. (Appeal from Amended Order of Cattaraugus County Surrogate's Court, Himelein, S.—Social Services Law.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ. [*See*, 174 Misc 2d 153.]