■ In the Matter of PATRICK BB., an Incapacitated Person, Appellant-Respondent. NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Respondent-Appellant. [725 NYS2d 731] —Cardona, P. J. (1) Appeal from that part of an order of the Supreme Court (Torraca, J.), entered February 1, 2000 in Ulster County, which, in a proceeding pursuant to Mental Hygiene Law article 81, granted petitioner's motion to hold respondent's estate in a supplemental needs trust, and (2) cross appeals from an amended order of said court, entered April 17, 2000 in Ulster County, which, *inter alia*, directed petitioner to pay respondent's counsel fees from its own funds.

Respondent is a 65-year-old, developmentally disabled man who resides in a family care home and receives case management services from petitioner. After respondent inherited $19,041.55 in January 1998, petitioner sought an order pursuant to Mental Hygiene Law article 81, *inter alia*, appointing a guardian to manage respondent's property and to require the guardian to turn the proceeds of respondent's inheritance over to petitioner in satisfaction of a claim for incorrectly paid Medicaid. Respondent, represented by Mental Hygiene Legal Services (hereinafter MHLS), cross-moved for an order

establishing a supplemental needs trust[1] (hereinafter SNT) to be funded with the proceeds of the inheritance.

In a December 21, 1998 order and judgment, Supreme Court determined respondent to be an incapacitated person under Mental Hygiene Law § 81.02 (b) and appointed Eva Otteson, the court evaluator,[2] as special guardian pursuant to Mental Hygiene Law § 81.16 (b). The court further determined that Medicaid benefits had been incorrectly paid. Accordingly, it directed the special guardian to satisfy petitioner's claim from respondent's inheritance prior to the funding of an SNT. Respondent appealed, and, during the pendency of that appeal, petitioner waived its claim for incorrectly paid Medicaid[3] and requested Supreme Court to delete that part of its order and judgment directing recovery of incorrectly paid benefits. Petitioner further consented to the funding of an SNT. Supreme Court agreed by rescinding that portion of its order and judgment and directed the parties to submit drafts of proposed Medicaid qualifying trust devices and requests for counsel fees or court evaluator fees under Mental Hygiene Law article 81. Respondent's appeal was subsequently dismissed as moot (267 AD2d 853).

Petitioner proposed that respondent's inheritance be paid to its Commissioner to be held on respondent's behalf under a Medicaid qualifying agreement similar to an SNT. Respondent countered with, *inter alia*, the suggestion that the inheritance be placed in a charitable, Medicaid-qualifying pooled trust administered by the New York State Association for Retarded Children (hereinafter NYSARC), a nonprofit corporation. Additionally, the Attorney General sought counsel fees from respondent, and MHLS sought, *inter alia*, reimbursement of its counsel fees from petitioner.

Supreme Court appointed the Commissioner trustee of respondent's inheritance to be "administered as [an] SNT for the benefit of respondent." Additionally, the court granted counsel fees to the Attorney General for the commencement of the guardianship proceeding in the amount of $500 to be paid out of respondent's funds and further granted MHLS counsel

---

1. Assets in a disabled person's supplemental needs trust can be used for such needs as are not covered by Medicaid, with any trust assets remaining after the recipient's death to be paid first to the State to reimburse it for Medicaid payments made for the recipient's benefit (Social Services Law § 366 [2] [b] [2] [iii] [A], [B]).

2. Otteson reportedly did not qualify as respondent's special guardian.

3. In *Matter of Little* (256 AD2d 1152, *lv denied* 93 NY2d 807), the Fourth Department ruled that an inheritance may not be treated as an available resource for initial or continuing Medicaid eligibility until its distribution.

fees in the sum of $2,370. Respondent appeals from that order. By amended order, Supreme Court directed petitioner to reimburse MHLS the $2,370 from its own funds. Petitioner and respondent cross appeal from the amended order.

Initially, respondent contends that the Commissioner cannot serve as trustee of his inheritance. Petitioner argues that Mental Hygiene Law § 29.23 provides it with the authority to act as a trustee of respondent's funds. Respondent counters that this statute prohibits petitioner from holding patient funds in excess of $5,000. In our opinion, a plain reading of Mental Hygiene Law § 29.23 reveals that it provides petitioner's facility directors, upon authorization of the Commissioner, with a limited nonjudicial mechanism to receive or obtain patient funds or property in the possession of third parties. Therefore, the statute has no application where, as in the instant case, court intervention is sought to appoint a guardian of the property belonging to a patient.

Next, respondent argues that Mental Hygiene Law § 13.29 entitled "Gifts," also relied on by petitioner as authority to administer a trust on behalf of a patient, only authorizes the Commissioner to accept property "on behalf of the state * * * if in the public interest" (Mental Hygiene Law § 13.29 [a]). Respondent contends that it does not authorize receipt and management of a patient's property. We agree. The statute regulates the receipt and management of property in the form of "gifts, devises, bequests, grants, powers, or trusts" of property essentially "made to the state" for the use of petitioner or its facilities. Supreme Court's order did not "gift" respondent's inheritance to the State. Clearly, the inheritance remained patient property. Thus, we find Mental Hygiene Law § 13.29 (a) inapplicable in the instant case.

We now examine whether petitioner is authorized to act as guardian of respondent's personal funds under Mental Hygiene Law article 81. The Mental Hygiene Law prohibits a person or corporation from serving as a guardian "whose only interest in the person alleged to be incapacitated is that of a creditor" (Mental Hygiene Law § 81.19 [e] [1]) or one who is not a relative but is "a provider, or the employee of a provider, of health care, day care, educational, or residential services to the incapacitated person, whether direct or indirect" (Mental Hygiene Law § 81.19 [e] [2]), *"[u]nless* the court finds that no other person or corporation is available * * * to act as guardian, or to provide needed services for the incapacitated person" (Mental Hygiene Law § 81.19 [e] [emphasis supplied]). Here, in the absence of such a finding, the appointment of petitioner as

special guardian was not authorized given that its interest in respondent was that of creditor and provider of services (*see,* Mental Hygiene Law § 81.19 [e] [1], [2]). In any event, under Mental Hygiene Law § 81.19 (a) (2), a public agency may only be appointed to act as a guardian when the agency is authorized to act in that capacity. Since it does not appear that there is any section of the Mental Hygiene Law which authorizes petitioner to act as respondent's special guardian in this instance, we find that it was improper for Supreme Court to have made that appointment.

Turning to respondent's recommendation that his funds be administered by NYSARC, we note that under the terms of NYSARC's community trust, the trustee is authorized to reimburse its constituent agencies for costs and services provided to respondent from respondent's subtrust account, making NYSARC a potential creditor of respondent. For this reason, and in the absence of a finding that "no other person or corporation is available or willing to act as guardian" (Mental Hygiene Law § 81.19 [e]), it would be improper to appoint NYSARC as respondent's special guardian. Accordingly, this matter must be remitted to Supreme Court for further proceedings to determine the availability of a "neutral, disinterested person" (*Matter of Commissioner of Cayuga County Dept. of Social Servs. [Bessie C.],* 225 AD2d 1027, 1028) or, if no such person is available or willing to act, for the court to make such a finding before considering the appointment of NYSARC as special guardian.

Finally, we determine that Supreme Court improperly awarded counsel fees against petitioner. Mental Hygiene Law § 81.10 (f) provides in pertinent part that "[i]f the petition is dismissed, the court may in its discretion direct that petitioner pay such compensation for the person alleged to be incapacitated." Here, petitioner's claim for Medicaid benefits incorrectly paid was withdrawn after Supreme Court had approved it. The petition containing the claim was not dismissed. We note that this statutory language has been interpreted to permit assessment of legal fees against a petitioner who initiates a meritless action that it later withdraws (*see, Matter of Petty,* 256 AD2d 281, 282-284). In the instant case, however, Supreme Court rendered its decision before the Fourth Department's ruling in *Matter of Little* (256 AD2d 1152, *lv denied* 93 NY2d 807) became "binding authority at the nisi prius level" (*Mountain View Coach Lines v Storms,* 102 AD2d 663, 664). Under such circumstances, it cannot be said that petitioner's claim lacked merit when it was instituted.

We find respondent's remaining contentions either unpersuasive or lacking in merit.

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as (1) directed the payment of respondent's share in the Wichtendahl Estate to petitioner to be held in a supplemental needs trust for respondent's benefit, and (2) directed the counsel fee award to Mental Hygiene Legal Services to be paid out of petitioner's own funds; counsel fee of $2,370 awarded to Mental Hygiene Legal Services shall be paid by respondent's estate; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the appeal from the order is dismissed, as academic, without costs.