■ In the Matter of ALBERT S. ELEONORE B., Respondent; ELAINE S.K. et al., Appellants. JOSEPH P. SPINOLA, Nonparty Respondent. [750 NYS2d 871] —In a proceeding, inter alia, pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for Albert S., Elaine S.K. and Deborah S. appeal from an order of the Supreme Court, Queens County (Golia, J.), dated January 30, 2002, which granted their motion, among other things, to direct the petitioner-respondent to pay certain fees only to the extent of directing her to pay the sum of $100 to the court evaluator, $100 to the court-appointed attorney for Albert S., and $250 to her attorney.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner is a 69-year-old female with few assets. There is no evidence that she was motivated by avarice or possible financial gain in seeking appointment as guardian with respect to the personal needs, but not the property management needs, of Albert S. Contrary to the appellants' contentions, the Supreme Court providently exercised its discretion in directing that the total amount of fees to be borne by the petitioner for the petitioner's attorney, the court evaluator, and the court-appointed attorney was $450 (*see* Mental Hygiene Law § 81.09 [f]; § 81.10 [f]; § 81.16 [f]). Santucci, J.P., Townes and Cozier, JJ., concur.

Schmidt, J., dissents and votes to reverse the order and grant

the appellants' motion, with the following memorandum: I must dissent from the decision of my colleagues. I find the Supreme Court's order of January 30, 2002, to be another improvident exercise of discretion which is inconsistent with this Court's prior decision and order dated September 10, 2001. In that decision and order, inter alia, the guardianship petition was dismissed for lack of merit and the matter was remitted to the Supreme Court for a determination of the amount of the fees to be awarded to the petitioner's attorney, the court evaluator, and the court-appointed attorney—"to be paid by the petitioner"—and not from the assets of Albert S. I believe that the Supreme Court is without legal justification in directing the petitioner to pay only $450 of approximately $68,000 in fees, with the rest of that amount to be paid from the assets of Albert S. Based on the weakness of the petition, the fees should have been borne by the petitioner in their entirety (see Matter of Petty, 256 AD2d 281; Matter of Lyles, 250 AD2d 488).

The petitioner brought this proceeding, inter alia, pursuant to Mental Hygiene Law article 81. It is clear that Albert S. had effectuated a viable plan for the management of his affairs which obviated any need for a guardian (see Matter of Maher, 207 AD2d 133, 142). Accordingly, as this matter had no basis under article 81 and no benefit was conferred upon Albert S. by the proceeding, it was improper for the Supreme Court to award fees to be paid from his assets. The Public Health Law was the proper vehicle for the petitioner to challenge the decision of Albert S.'s health care agents and that statute makes no provision for attorney fees to be assessed against the assets of the incapacitated person.

I note that the judgment dated March 20, 2001, was presented to Albert S.'s bank by counsel for the petitioner and the court-appointed attorney, and they were therefore paid in full before that judgment was entered or before a stay could be sought. The money heretofore paid to the petitioner's counsel, the court evaluator, and the court-appointed attorney should be repaid to Albert S.'s fund, and the obligation for these fees should be borne by the petitioner.