■ In the Matter of the Appointment of a Guardian of the Person and Property for MARJORIE T., an Alleged Incapacitated Person. SUSAN SHERWOOD, Appellant. MARJORIE T., Respondent. [923 NYS2d 870]—

In a proceeding pursuant to Mental Hygiene Law article 81 for the appointment of a guardian for the personal needs and property management of Marjorie T., an allegedly incapacitated person, the petitioner appeals from an order of the Supreme Court, Rockland County (Walsh, J.), dated July 8, 2010, which granted the application of the Mental Hygiene Legal Service to direct the petitioner to pay it the sum of $825 for legal services rendered as counsel for Marjorie T.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the facts and in the exercise of discretion, and the application of the Mental Hygiene Legal Service to direct the petitioner to pay it the sum of $825 for legal services rendered as counsel for Marjorie T. is denied; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

In a proceeding pursuant to Mental Hygiene Law article 81 seeking the appointment of a guardian for an allegedly incapacitated person (hereinafter AIP), an AIP not determined to be indigent is liable for compensating any attorney appointed to represent him or her in the proceeding (see Mental Hygiene Law § 81.10 [f]). However, in the event the petition is dismissed or withdrawn, "the court may in its discretion direct that petitioner pay such compensation for the [AIP]" (Mental Hygiene Law § 81.10 [f]; see Matter of Patrick BB., 284 AD2d 636 [2001]; Matter of Petty, 256 AD2d 281, 282-284 [1998]). Here, the Supreme Court improvidently exercised its discretion in directing the petitioner to pay the AIP's counsel fees, given the lack of evidence that the proceeding was brought in bad faith, notwithstanding its withdrawal (see Mental Hygiene Law § 81.10 [f]; Matter of Kurt T., 64 AD3d 819, 823 [2009]; Matter of Albert S., 300 AD2d 311 [2002]; Matter of Patrick BB., 284 AD2d 636 [2001]; Matter of Susan P., 243 AD2d 568 [1997]; cf. Matter of Schneider v Engelmayer, 49 AD3d 348 [2008]; Matter

*of Petty*, 256 AD2d at 282-284; *Matter of Eugenia M.*, 20 Misc 3d 1110[A], 2008 NY Slip Op 51301[U] [2008]).

In light of the foregoing, we need not reach the petitioner's remaining contentions. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.