OPINION OF THE COURT
Jonathan D. Nichols, J.
By indictment dated April 30, 2012, the defendant is charged with committing the crime of criminal sexual act in the second degree. (See Penal Law § 130.45 [1].) The defendant was ar *879 raigned before this court on April 30, 2012 and entered a not guilty plea.
On October 16, 2012 the Columbia County District Attorney informed the court on the record that he declined to prosecute the instant matter. The defendant offered no objection to the District Attorney’s declination to prosecute. Thereupon this court dismissed the indictment on the record and directed the defendant be released on the indicted offense, with this court’s written determination regarding the rationale for dismissal to follow.
It is well established that a district attorney must seek leave of court when seeking to withdraw a count from a grand jury indictment, or to have the indictment dismissed in total. (See People v Extale, 18 NY3d 690, 694 [2012]; cf. People v Urbaez, 10 NY3d 773, 775 [2008].) Generally, while such an application for dismissal is made via a motion to dismiss in the interest of justice (see CPL 210.40 [3]), or to withdraw a count of an indictment from being submitted to a jury (see CPL 300.40 [6]; People v Extale at 695), for the reasons stated herein and upon the law, this court finds there is no requirement that such a motion by the People, the defendant or the court, need be made to enable the court’s dismissal.
In the case sub judice, the District Attorney has not moved under CPL 210.40 (3) or 300.40 (6). The defendant has not moved for dismissal in the interest of justice under CPL 210.40 (3). Rather, the District Attorney has relied upon his possession of “the ultimate discretionary power to drop a charge entirely.” (People v Eboli, 34 NY2d 281, 289 [1974]; see also People v Di Falco, 44 NY2d 482, 486 [1978] [“The District Attorney has broad discretion in determining when and in what manner to prosecute a suspected offender”].)
Inasmuch as the District Attorney’s position is not based on CPL 210.40 (3) or 300.40 (6), it is apparent that the court’s power to dismiss the indictment is necessarily derived from what the Court of Appeals in People v Extale indicated may be recognized as the “inherent power” of courts “to dismiss . . . with the consent of the People even in situations to which neither CPL 210.40 (3) nor 300.40 (6) (a) applies.” (18 NY3d at 695.) Although the Court of Appeals in People v Extale referred to such “inherent power” in a theoretical sense because the issue was not then before the Court, this court finds that it, in common with all superior courts, necessarily possesses such inherent power if, for no other reason, than the proper *880 administration of justice demands it. This is particularly true when all of the parties to the proceeding do not oppose dismissal as the proper remedy upon the prosecutor’s unequivocal declination to prosecute the charge(s) whether by way of indictment or other accusatory instrument. Such is the case at bar, as neither the defendant nor the District Attorney (the chief law enforcement officer in Columbia County) opposed dismissal of the indictment when proffered by the court on the record as the appropriate remedy. Further, the scenario in this case is not one which fits neatly within the individual and collective mandatory considerations imposed upon the court pursuant to CPL 210.40 (1) (a) through (j) for dismissal in the interest of justice, if even on the court’s own motion. (See CPL 210.40 [3].)[1]
Indeed, were the court to mandate that this case go forward in the absence of an objective and compelling evidentiary predicate demonstrating the District Attorney’s inability or unwillingness to perform his law enforcement duties (duties that include his exercise of prosecutorial discretion and judgment), the court would be compromising its duty to “preside over and adjudicate criminal proceedings” by intruding “upon the role of the prosecutor.” (Matter of Cantwell v Ryan, 309 AD2d 1042, 1043 [2003].) Furthermore, and of greater significance, if the court were to substitute its judgment for that of the prosecutor, without any basis other than the court’s own desire to exercise judicial power and prerogatives (whether motivated by personal or institutional desires, or both), the resultant injustice would be abhorrent. The court, by such conduct, would thus force the District Attorney to prosecute a case against his or her judgment, and contemporaneously compel the defendant to stand trial for a charge that each party believes should be dismissed. Absent a demonstrated evidentiary basis that in declining to prosecute a charge the prosecutor is derelict in his or her duty through misconduct, fraud, collusion, incapacity or the like, the court would clearly be abusing its discretion by forcing further prosecution and doing so in a manner injurious and prejudicial to both the defendant and the People.
This court is cognizant of the Court of Appeals decision in People v Douglass (60 NY2d 194 [1983]). Nothing in Douglass is *881 apposite to this court’s decision herein. In Douglass (and related cases determined therewith) unlike here, the trial court dismissed local criminal court misdemeanor complaints on its own motion for “failure to prosecute” or “calendar control” over the objection of the People. In stark contrast, here the People have not “failed to prosecute” but rather, have overtly and unequivocally exercised their constitutional discretion to decline to prosecute. This distinction is not merely semantic. To the contrary, as set forth herein, the distinction is critically substantive. To the extent other courts have relied upon Douglass to hold that a court may not dismiss a criminal charge upon the People’s declination to prosecute, this court respectfully disagrees as it finds their reliance on Douglass misplaced (cf. People v Donnaruma, 38 Misc 3d 506 [Albany City Ct 2012]; People v Chai, 37 Misc 3d 1203[A], 2012 NY Slip Op 51870[U] [Kinderhook Just Ct 2012]). Further, such determinations are not stare decisis authority relative to this court.[2],[3]
The logical extension of failing to dismiss upon the District Attorney’s unequivocal declination to prosecute is readily discerned. One need only ponder for a moment to foresee the result should the court mandate prosecution of the charge in such a setting. At a scheduled trial, the People could be absent or decline to present any witness or other evidence to support the charge, necessarily resulting in the same conclusion reached here, now and without objection: dismissal with prejudice. Should the court, however, pursue prosecution in its solitary exercise of pure judicial power and scheduled further proceedings, perhaps including a trial, the absurdity of such pursuit *882 would be harshly and inescapably demonstrated by a courtroom devoid of a prosecutor, defense counsel and a defendant.[4] Upon such result, unless the court then dismisses the charge(s), it begs the question of what the court will do next. Other than rescheduling the matter which would inevitably conclude in the same manner, the court could take unilateral action such as scoff law suspension of a driver’s license in Vehicle and Traffic Law matters, issue a warrant for a defendant, or perhaps other judicial process such as contempt proceedings against the defendant or the attorneys. Ironically, other than perhaps securing a person’s attendance before the court, such measures will not ultimately result in the prosecution which the court pursued at the outset.
A more ill conceived symphony of criminal procedure with the court as both composer and conductor is difficult to envision. Absent dismissal the prejudice to both the People and the defendant, the potential damage to the court’s image and integrity and the inexcusable waste of judicial resources is self-evident and inevitable.
Indictment No. 12-031 is dismissed with prejudice to re-prosecute.

. Although the dismissal in the interest of justice provisions of CPL 210.40 (1) relative to indicted offenses and CPL 170.40 (1) relative to local criminal accusatory instruments are different, those distinctions are not relevant to the issue raised here; i.e., where a prosecutor unequivocally states that the People decline further prosecution of any charge(s).

. In matters for which a jury is required, it strains all sense of reason that a court would summon prospective jurors only to have to dismiss them due to the failure of any appearance by the parties.

. The court is likewise cognizant of the May 24, 2012 memorandum from Honorable George B. Ceresia, Jr., District Administrative Judge, Third Judicial District, opining to Magistrates that People v Douglass may preclude pretrial dismissal by the court where the district attorney declines to prosecute a criminal charge. To the extent the content of that memorandum is contrary to this court’s decision, this court respectfully declines to follow it, observing that such opinion is not stare decisis authority.

. Although these courts were dealing with the instance of a prosecutor declining to prosecute charges in local court, the distinctions between such charges and an indicted offense are not relevant to the issue at bar (see n 1, supra). Further as to this point, the court notes that misdemeanors and other offenses could be the subject of an indictment (CPL 200.10), and clearly Supreme Court, as a superior court (CPL 10.10 [2] [a]) has plenary jurisdiction over all matters, and in practical application routinely handles such crimes and offenses in Integrated Domestic Violence Parts (NY Const, art VI, §§ 7, 19 [a]; 28 [b]; 30; Judiciary Law §§ 140-b, 211; Uniform Rules for Trial Cts [22 NYCRR] § 202.3 [c] [2], [5]; Admin Delegations of Chief Judge [22 NYCRR] § 80.1 [b] [2]; Admin Order of Chief Judge of Cts, Dec. 29, 2008).