OPINION OF THE COURT
Carrie A. O’Hare, J.
Defendant Kelly Rossi was charged with resisting arrest (Penal Law § 205.30), a misdemeanor; aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a] [a]), a misdemeanor; and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a misdemeanor. On January 3, 2013, this court was presented with a “Memorandum of Plea Bargain,” noting that the Office of the District Attorney was “declin[ing] to prosecute” all three charges. The memorandum of plea bargain was signed by defendant, defendant’s counsel, and an assistant district attorney. By decision and order dated January 3, 2013 the court rejected the proposed plea disposition pursuant to Vehicle and Traffic Law § 1192 (10) (d) and People v Douglass (60 NY2d 194 [1983]). The court further noted that, during the pendency of this matter, it would entertain any motions filed pursuant to the Criminal Procedure Law. Defendant now moves for the court to reconsider its prior decision and order dated January 3, 2013. The People have not submitted papers with regard to this motion.
The Criminal Procedure Law does not permit the reconsideration of motions. CPLR 2221 governs motions affecting a prior order. (See People v Duquette, 152 Misc 2d 239, 240 [St. Lawrence County Ct 1991].) A motion for leave to reargue is addressed to the sound discretion of the trial court and “may be granted upon a showing that the court overlooked or misapprehended the facts or law or mistakenly arrived at its earlier decision.” (Viola v City of New York, 13 AD3d 439, 440 [2d Dept 2004], lv denied 5 NY3d 706 [2005]; see Carrillo v PM Realty Group, 16 AD3d 611, 611 [2d Dept 2005]; Loris v S & W Realty Corp., 16 AD3d 729, 730 [3d Dept 2005]; CPLR 2221 [d] [2].)
Defendant argues that the court misapprehended the law in arriving at its earlier decision. Specifically defendant takes issue with the court’s reliance on Vehicle and Traffic Law § 1192 (10) (d). Defendant contends that “the People’s decision not to prosecute this case is not a plea bargain” because what the People *498 are attempting to do would not result in defendant entering a plea of guilty. (Sill’s letter dated Jan. 17, 2013 at 1.) Defendant argues that section 1192 (10) (d) does not apply to this case.
The Office of the District Attorney (DA) informed the court that it declined to prosecute all of the charges in this matter by way of a plea bargain form signed by the Assistant District Attorney. The court considered this offer a plea bargain. Vehicle and Traffic Law § 1192 (10) (d) provides:
“In any case wherein the charge laid before the court alleges a violation of subdivision two-a of this section, any plea of guilty thereafter entered in satisfaction of such charge must include at least a plea of guilty to the violation of the provisions of subdivision two, two-a or three of this section, and no other disposition by plea of guilty to any other charge in satisfaction of such charge shall be authorized; provided, however, if the district attorney, upon reviewing the available evidence, determines that the charge of a violation of this section is not warranted, such district attorney may consent and the court may allow a disposition by plea of guilty to another charge in satisfaction of such charge, provided, however, in all such cases, the court shall set forth upon the record the basis for such disposition” (emphasis supplied).
The language of section 1192 (10) (d) is clear. A defendant charged with a violation of Vehicle and Traffic Law § 1192 (2-a) may only plead to a violation of Vehicle and Traffic Law § 1192 (2), (2-a) or (3) unless the DA consents, after reviewing the available evidence, to allow another disposition, with court approval. (See generally Matter of Auerbach v Board of Educ. of City School Dist. of City of N.Y., 86 NY2d 198, 204 [1995] [“Where the terms of a statute are clear and unambiguous, ‘the court should construe it so as to give effect to the plain meaning of the words used’ ” (citation omitted)].) Morever, in order for a disposition to be authorized outside Vehicle and Traffic Law § 1192, section 1192 (10) (d) requires the court to put the reasons on the record. Thus section 1192 (10) (d) does not permit a district attorney to simply decline to prosecute a charge under section 1192 (2-a). The DA’s Office has not given this court any reasons why the very serious charge under section 1192 (2-a) should not be prosecuted. Since the proposed disposition for the section 1192 (2-a) charge is not allowed under section 1192 (10) (d), the court declined to approve it.
*499 Even if section 1192 (10) (d) does not apply to this case, People v Douglass (60 NY2d 194 [1983], supra) precludes the court from approving the proposed disposition. In Douglass, the Court of Appeals explained that a local criminal court does not have the authority to dismiss a case for “failure to prosecute.” (People v Douglass, 60 NY2d at 204-206.) A court has limited authority under the Criminal Procedure Law to dismiss a case. (Id.) see also People v Pueblas, 18 Misc 3d 131[A], 2008 NY Slip Op 50076[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; People v Tartaglione, 5 Misc 3d 126[A], 2004 NY Slip Op 51190[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004].)
Defendant’s reliance on People v Beckman (38 Misc 3d 878 [Columbia County Ct 2012]) is not controlling.* The court is not obligated to follow Beckman because the Court of Appeals has already spoken on the issue that is before the court. (See generally Matter of Patrick BB., 284 AD2d 636, 639 [3d Dept 2001]; Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984].)
The main focus of Douglass is that the legislature placed limits on the power of courts and prosecutors to dismiss an information. (See CPL 170.30, 170.40.) The CPL sections allowing dismissal require either a legal reason for dismissal or some type of justification to allow dismissal in the interest of justice. (People v Douglass, 60 NY2d at 202 [“It is interesting to note that it was the fear that too many criminal proceedings would be dismissed by District Attorneys without justification that prompted the Legislature ... to authorize the courts to intercede in this process”]; see also People v Extale, 18 NY3d 690 [2012]; Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 170.40.) In Douglass, the Court of Appeals recognized the need for checks and balances as contemplated by the legislature in order to insure that any proposed disposition is above board and appropriate. The legislature provided the only mechanisms for removal of a case from the local criminal court docket to be via trial, a plea or in response to a motion made under the Criminal Procedure Law.
In this case, the DA’s Office has not explained to the court why it is declining to prosecute the charges. Also, the court cannot find any reason in the record to justify the court dismissing the charges on its own motion in the interest of justice. (See *500 CPL 170.40 [2].) The charges against the defendant are serious and concern matters of public safety. A statement by the DA’s Office that they decline to prosecute, without more, is insufficient to remove the charges from the court.
Accordingly, defendant’s motion to reargue this court’s prior decision and order dated January 3, 2013, denying defendant’s motion to dismiss for failure to prosecute, is denied in all respects. Defendant is entitled to be present at every stage of the proceedings. All motions not granted herein are hereby denied.

 Defendant’s further reliance on a statement made on the record by another county court judge relative to Beckman is not binding.