OPINION OF THE COURT
William A. Carter, J.
On June 14, 2012, Colin Donnaruma was arraigned on two counts of disorderly conduct (Penal Law § 240.20 [5], [6]) and one count of resisting arrest (Penal Law § 205.30). On November 26, 2012, this court issued a decision and order on the defendant’s omnibus motion. Now, by notice of motion filed on January 14, 2013, the defendant, through his attorney, Mark S. Mishler, Esq., moves for dismissal pursuant to CPL 30.30 (1) (b) and 170.30 (1) (d) and (f). The People responded to this motion by filing a letter with the court on January 28, 2013, lacking any affirmation, that states that the Albany County District Attorney’s Office “will not be filing a response and do not have any opposition to” the defendant’s motion. The matter now comes before the court for a decision.
Motion to Dismiss — “Impediment to Conviction”
The defendant moves, pursuant to CPL 170.30 (1) (f), to dismiss the accusatory instruments on the ground that there is a “jurisdictional or legal impediment to conviction.” CPL 170.30 (2) specifically provides that all CPL 170.30 motions to dismiss, *1058 with the exception of CPL 30.30 motions, are governed by the time constraints set forth in CPL 255.20. CPL 255.20 (1) provides that “all pre-trial motions shall be served or filed within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment.” Thus, a motion to dismiss, pursuant to CPL 170.30 (1) (f), should have been included in the defendant’s omnibus motion, or at the very least should have been filed with the court within 45 days of arraignment.
The court additionally notes that the defendant has failed to file a motion to reargue and/or renew (see CPLR 2221 [d] [2] [motion for leave to reargue should be based upon matters of fact or law overlooked or misapprehended by the court in determining the prior motion. A motion to reargue is not an opportunity to present new facts or arguments not previously offered, nor is it designed for litigants to present the same arguments already considered by the court]; [e] [2] [a motion for leave to renew shall be based on new facts not offered on the original motion or “shall demonstrate that there has been a change in the law that would change the prior determination”]). In addition, the defendant failed to make any application pursuant to CPL 255.20 (3), which expressly provides that, notwithstanding the motion time constraints set forth in CPL 255.20 (1), a court must entertain a late motion where it is established as a threshold matter that the motion is based upon
“grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in subdivision one of this section or included within the single set of motion papers as required by subdivision two. Any other pre-trial motion made after the forty-five day period may be summarily denied, but the court, in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits.”
In the absence of the above-described applications, the court is constrained to summarily deny the defendant’s motion to dismiss, to the extent that it implicates CPL 170.30 (1) (f).
Motion to Dismiss — Postreadiness Delay — CPL 30.30 (1) (b)
The defendant moves, pursuant to CPL 170.30 (1) (d) and 30.30 (1) (b), to dismiss the accusatory instruments on the *1059 ground of postreadiness delay. The defendant acknowledges that the People declared readiness on June 14, 2012. However, the defendant argues that the time from August 28, 2012 (the date the Albany County District Attorney verbally told defense counsel he was declining to prosecute this “Occupy Albany” case), to the date of the present motion, should be charged against the People as postreadiness delay. The defendant concludes that, when this time is counted against the People, “the speedy trial period expired on November 26, 2012 and the Court must dismiss the charges.” The court disagrees.
As the New York Court of Appeals has noted,
“[although CPL 30.30 (3) (b) recognizes the right of a defendant to move for dismissal after the People have answered ready, that provision simply preserves for the People such portion of the readiness period established by the section as remained available when readiness was originally declared, in the limited situation where ‘some exceptional fact or circumstance,’ occurring after the initial readiness response, makes it impossible for the People to proceed” (People v Anderson, 66 NY2d 529, 534 [1985]).
The Court further held that “not every postreadiness default by the People not generated by exceptional circumstances or resulting from action of the defendant will permit a Trial Judge to dismiss the criminal action” because “[t]here is no inherent power to dismiss” and “the purposes motivating enactment of CPL 30.30 do not mandate postreadiness dismissal when a lesser sanction is available” (id. at 537, quoting People v Douglass, 60 NY2d 194 [1983]).
The entire basis of the defendant’s CPL 30.30 postreadiness motion is premised upon what this court previously deemed to be a legal nullity: the Albany County District Attorney’s hearsay statement to defense counsel and two letters filed with the court, that were not affirmed, pronouncing his decision to not prosecute this case. While it is not entirely clear, it appears that the Albany County District Attorney has been attempting to invoke the doctrine of nolle prosequi through the filing of the above two letters with this court declaring his intention to decline prosecution. “Nolle prosequi is commonly defined as ‘a formal entry on the record by the prosecuting officer by which he declares that he will not prosecute the case further’ ” (People v Douglass at 202 n 3, quoting Black’s Law Dictionary 945 [5th ed]). However, in 1881, with the passage of section 672 of the *1060 Code of Criminal Procedure, entry of a nolle prosequi was abolished (see id. at 204). In 1970, with the passage of Criminal Procedure Law, the legislature enacted section 170.30 as an “all inclusive” comprehensive legislative scheme for dealing with motions to dismiss local criminal court accusatory instruments (People v Douglass at 201 [reciting the extensive legislative history leading up to the passage of CPL 170.30, including the abolishment of entry of a nolle prosequi and emphasizing that courts historically never had inherent authority to dismiss a case sua sponte]). Thus, in the absence of a CPL 170.30 motion (see CPL 170.30 [1] [g]), the District Attorney’s pronouncement of his subjective feelings, including verbalization of his prosecutorial discretion, is legally irrelevant. As this court has previously held:
“When a district attorney exercises his or her discretion in invoking the jurisdiction of the court by pursuing a prosecution, as was done in this case, he or she may not simply walk away from the case and abandon it. As has been noted by the Third Department, ‘a District Attorney does not possess unfettered discretion over the disposition of [an accusatory instrument] ’ (Matter of Cloke v Pulver, 243 AD2d 185, 189 [3 Dept 1998]). Rather, the disposition of a pending criminal matter is controlled exclusively by the Criminal Procedure Law and any termination of said prosecution, no matter the rationale or whether the motion is made by the defendant or the People, requires utilization of the procedures set forth therein (see CPL 170.30; 170.40 [2]; cf. Matter of Czajka v Koweek [acknowledging that a district attorney’s status as a constitutional officer does not render him or her immune from the Judiciary Law or the Rules of Professional Conduct])” (People v Donnaruma, 38 Misc 3d 506, 508 [Albany City Ct, 2012, Carter, J.]; see People v Extale, 18 NY3d 690, 694 [2012] [acknowledging that at early common law dismissal of a criminal proceeding was accomplished solely by the prosecutor by entry of nolle prosequi, a practice which was statutorily limited in 1828 and finally legislatively abolished in 1881]; People v Rossi, 39 Misc 3d 496, 500 [Stuyvesant Town Ct, Mar. 1, 2013, O’Hare, J.] [finding People v Beckman (38 Misc 3d 878 [Columbia County Ct 2012, Nichols, J.]) not controlling and holding “(a) statement by the DA’s Office that they *1061 decline to prosecute, without more, is insufficient to remove the charges from the court”]).
Furthermore, the only case law authority cited by the defendant in support of his CPL 30.30 motion to dismiss is a generalized citation to People v Anderson (66 NY2d 529, 537 [1985]). That case, however, is inapposite to defendant’s current argument. In Anderson, the Court of Appeals, citing People v Douglass, recognized that failure to prosecute is not a legally cognizable ground for dismissal by the court, even within the context of a claim of postreadiness delay (see People v Anderson at 537). Moreover, while the defendant acknowledges that the 90-day time frame set forth in CPL 30.30 (1) (b) controls in this case, as the defendant was charged with at least one misdemeanor, he has failed to set forth any mathematical calculation, including applicable exclusions, to support his present motion. As counsel is undoubtedly aware, postreadiness delay is
“determined by computing the time elapsed between the filing of the first accusatory instrument and the People’s declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any post-readiness periods of delay that are actually attributable to the People and are ineligible for an exclusion” (People v Cortes, 80 NY2d 201, 208 [1992]).
During the pendency of this case, neither the Albany County District Attorney nor the defendant have moved to dismiss the charges in the furtherance of justice. The District Attorney has also not provided any explanation to the court as to why he has declined to prosecute these charges. This prosecutorial, and a very limited record upon review, fails to provide the court with any facts which would justify dismissing these charges on its own motion in the interest of justice (see CPL 170.40 [2]).*
*1062 This court recognizes the inherent authority of the District Attorney in determining which cases to prosecute. However, the court also recognizes that there is a concomitant obligation imposed upon the District Attorney, by the legislature, to follow the CPL when making such determinations. If the District Attorney seeks to have a case dismissed, then a reason(s) must be given for that determination, associated with the proper motion within CPL 170.30. As the Court of Appeals has aptly noted, “[i]t is interesting to note that it was the fear that too many criminal proceedings would be dismissed by District Attorneys without justification that prompted the Legislature, for the first time, to authorize the courts to intercede in this process.” (People v Douglass at 202 [emphasis added].) The requirement to provide a reason, which is open to public scrutiny, for such a determination is in keeping with the legislative intent of the CPL to “protect individual freedoms, to safeguard the public and to promote respect for law and the legal process.” (Governor’s Approval Mem, Bill Jacket, L 1970, ch 996, reprinted in 1970 McKinney’s Session Laws of NY at 3140.) Motion denied.
*1063 Other Motions
Any motions not specifically granted herein are hereby denied.

 CPL 170.40 provides:
“1. An information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof, may be dismissed in the interest of justice, as provided in paragraph (g) of subdivision one of section 170.30 when, even though there may be no basis for dismissal as a matter of law upon any ground specified in paragraphs (a) through (f) of said subdivision one of section 170.30, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory *1062 instrument or count would constitute or result in injustice. In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“(a) the seriousness and circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
“2. An order dismissing an accusatory instrument specified in subdivision one in the interest of justice may be issued upon motion of the people or of the court itself as well as upon that of the defendant. Upon issuing such an order, the court must set forth its reasons therefor upon the record.”