■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORRIS J. McLAURIN, Appellant. [690 NYS2d 289] —Yesawich Jr., J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 16, 1998, which resentenced defendant following his conviction of the crime of attempted robbery in the second degree.

Defendant claims that he was improperly sentenced as a persistent violent felony offender (see, Penal Law § 70.08) because his 1987 predicate felony conviction was jurisdictionally defective. The criminal action out of which that conviction arose was commenced by the filing of a felony complaint charging defendant with the crime of criminal possession of a controlled substance in the third degree, a class B felony. After defendant's arraignment in local criminal court, but prior to submission of the matter to the Grand Jury, the prosecutor's motion to amend the felony complaint to reduce the charge to a lower grade felony was granted. Defendant subsequently appeared in County Court where he executed a waiver of indictment, consented to prosecution by superior court information and entered a plea of guilty to conspiracy in the fourth degree, a class E felony.

Initially, we reject defendant's argument that the local criminal court was divested of jurisdiction and therefore the People could not proceed with the superior court information. A review of the record reveals that no Grand Jury action was ever taken against defendant and, further, that the local criminal court did not transmit the relevant papers—the order, the felony complaint, the supporting depositions and other pertinent documents—to the appropriate superior court. Accordingly, pursuant to CPL 180.30 (1) the matter was still pending before the local criminal court.

Defendant also maintains that, in the absence of compliance with CPL 180.50, the prosecutor lacked the authority to reduce the crime charged in the felony complaint. CPL 180.50 applies to the reduction of a charge in a felony complaint to a "non-felony offense" and, therefore, it has no application where, as here, the crime charged in the felony complaint is reduced to a lower grade felony. We agree with County Court that the authority to reduce the crime charged in a felony complaint to a lower grade felony is inherent in the prosecutor's "broad discretion in determining when and in what manner to prosecute a suspected offender" (People v DiFalco, 44 NY2d 482, 486). In the absence of a statutory provision limiting the prosecutor's authority, there is no jurisdictional defect in the prosecutor's reduction of the felony charged in the felony com-

plaint upon which defendant was held for Grand Jury action and his subsequent waiver, consent to prosecution by superior court information and plea (*see, People v Young*, 241 AD2d 690, 691-692).

Defendant further contends that the procedure employed by the prosecutor in obtaining the 1987 conviction constituted an impermissible circumvention of the plea-bargaining restrictions contained in CPL 220.10. In adopting these restrictions, the Legislature opted not to abolish plea bargaining as it could have, but instead chose to limit the broad discretion previously exercised by the prosecutor (*see, People v Felix*, 58 NY2d 156, 162, *appeal dismissed* 464 US 802). The restrictions expressly apply to "pleas which may be entered to an indictment" (CPL 220.10). An indictment serves as the basis for prosecution of a criminal action; a felony complaint is not encompassed by the term indictment (*see,* CPL 200.10). We agree with County Court that the plea-bargaining restrictions contained in CPL 220.10 are not triggered by the filing of a felony complaint.

Having rejected defendant's challenge to the 1987 predicate conviction, we need not address defendant's remaining arguments which are dependent on the success of that challenge.

Mikoll, J. P., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the judgment is affirmed.