OPINION OF THE COURT
John R. Lewis, J.
Defendant was originally charged with a violation of Vehicle and Traffic Law § 511 (1), or aggravated unlicensed operation of a motor vehicle in the third degree. On December 6, 1999, at a pretrial court appearance, the People moved before the court for permission to amend the charge, “upgrading” it to Vehicle and Traffic Law § 511 (2), or aggravated unlicensed operation *61 in the second degree. The court granted the motion, and set a deadline of January 5, 2000 for the filing of the amended charge.* The People failed to file said amended charge by the date set by the court.
Defendant now moves to dismiss the entire action, claiming that when the court granted the People’s motion to file an amended charge, the original charges were automatically vacated, and/or that the court intended such vacatur; and since no amended charge was filed, there were in fact no extant charges on which to prosecute defendant.
Defendant’s motion is easily denied. Simply stated, defendant is wrong in claiming that the original charges, the legal sufficiency of which has never been questioned, became superseded when the court ruled that the People could amend the charges. While the People did lose their opportunity to amend the charges when the deadline passed, under the Criminal Procedure Law and cases thereto this in no way affects the validity of the original charges.
Indeed, under CPL 100.50 (1), not only is an original information not superseded when no subsequent information is filed, said original information is not even superseded when a subsequent information is filed, to the extent that the new information contains charges not contained in the original. The statute reads: “If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor’s information, another information * * * is filed with the same local criminal court charging the defendant with an offense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.” (CPL 100.50 [1] [emphasis supplied].)
From this, two principles can be obtained. First, an original information is not superseded until the defendant has been arraigned upon the latter information. In the present case, since a “latter” information was never even filed, defendant was *62 obviously not arraigned on such, so the original could not have been superseded.
In addition, an original information is only superseded to the extent that a latter information contains the same charges. Since the People did not file a subsequent information containing any charges, the original information is not superseded at all.
Case law is in accord with the above. In People v Bowman (84 NY2d 923 [1994]), the Court of Appeals held that the filing of a succeeding information did not give rise to any statutory obligation to dismiss the preceding instruments charging the same offenses, where defendant was never arraigned on the succeeding information. Similarly, in People v Gross (148 Misc 2d 232), the court noted that the superseding information would have replaced the original, had the defendant been arraigned thereon.
Hence, not only does the court reject defendant’s characterization of “what the Court meant” when it granted the People’s motion for permission to amend the information, in addition, the above-cited statute and case law indicate that the court would not have had the power to order the vacatur of a perfectly valid information, i.e., the original, even if the court had wanted to do so.
In the present case, there is no claim that the People’s original information was defective, and no claim that defendant was ever arraigned on any subsequent informations. Accordingly, the original information is still in effect, and defendant’s motion is denied.

 Defendant takes the position that, in granting the People’s request to be allowed to file a new information, the court ordered the People to do so. The court does not accept this characterization; rather, the court was, on motion, granting the People the right to do so, and “ordering” that they do so by a specific date, if at all.