■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EXTALE, Appellant. [839 NYS2d 402]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered October 21, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the first degree, vehicular assault in the first degree, driving while intoxicated (two counts), leaving the scene of a serious physical injury accident, aggravated unlicensed operation of a motor vehicle in the first degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by reversing those parts convicting defendant of assault in the first degree and vehicular assault in the first degree and as modified the judgment is affirmed, and a new trial is granted on counts one and two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, assault in the first degree (Penal Law § 120.10 [1]) and vehicular assault in the first degree (§ 120.04) arising from an incident in which he drove his vehicle in the direction of a police officer, striking and injuring her. We agree with defendant that the verdict is inconsistent and that County Court should have charged the jury in the alternative on the counts of assault in the first degree and vehicular assault in the first degree. Although defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), we exercise our power to review the issue as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the

judgment by reversing those parts convicting defendant of assault in the first degree and vehicular assault in the first degree, and we grant a new trial on counts one and two of the indictment.

Counts are inconsistent "when guilt of the offense charged in one necessarily negates guilt of the offense charged in the other" (CPL 300.30 [5]). Here, the court should have submitted the counts to the jury in the alternative and instructed the jury that it could find defendant guilty of only one of the counts (*see* CPL 300.40 [5]). Assault in the first degree requires a finding that defendant acted intentionally (*see* Penal Law § 120.10 [1]), while vehicular assault in the first degree requires a finding that defendant was criminally negligent (*see* § 120.04). Thus, in failing to instruct the jury to consider the counts in the alternative, the court thereby erred in permitting the jury to find defendant guilty of crimes requiring different mental states (*see People v Gallagher*, 69 NY2d 525, 531 [1987]). It cannot be said that defendant simultaneously intended to cause serious physical injury to the police officer while failing to perceive a substantial and unjustifiable risk of serious injury to the police officer (*see id.* at 529-531; *People v Slater*, 270 AD2d 925 [2000], *lv denied* 95 NY2d 858 [2000]).

Contrary to defendant's further contentions, the conviction of assault in the first degree is supported by legally sufficient evidence and the verdict is not against the weight of the evidence with respect to that count (*see generally P. ople v Bleakley*, 69 NY2d 490, 495 [1987]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.