THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EXTALE, Appellant. [910 NYS2d 635]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered February 28, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of assault in the second degree (Penal Law § 120.05 [4]), defendant contends that County Court erred in allowing the prosecutor to withdraw the count charging him with vehicular assault in the first degree. We reject that contention. The People have "broad discretion in determining when and in what manner to prosecute a suspected offender" (*People v Di Falco*, 44 NY2d 482, 486 [1978]), including the discretion to reduce a charge when they deem it appropriate (*see People v Urbaez*, 10 NY3d 773, 775 [2008]). Although there is no provision in CPL article 210 authorizing the People to withdraw a count in an indictment, there is also no provision prohibiting the People from doing so. We thus conclude that, in the absence of a statutory provision limiting such authority, decisions concerning the manner in which to prosecute a defendant are within the prosecutor's " 'broad discretion' " (*People v McLaurin*, 260 AD2d 944, 944 [1999], *lv denied* 93 NY2d 1022 [1999]).

Contrary to defendant's further contentions, the court properly charged assault in the second degree as a lesser included offense of assault in the first degree under Penal Law § 120.10 (1) (*see People v Flecha*, 43 AD3d 1385, 1386 [2007], *lv denied* 9 NY3d 990 [2007]), and the court's submission of the lesser included offense did not violate defendant's double jeopardy rights (*see generally Matter of Suarez v Byrne*, 10 NY3d 523, 538 [2008], *rearg denied* 11 NY3d 753 [2008]). On a prior appeal, we modified the judgment of conviction by reversing those parts convicting defendant of, inter alia, assault in the first degree and vehicular assault in the first degree (*People v Extale*, 42 AD3d 897 [2007]). In granting a new trial on those counts, we agreed with defendant that the verdict was inconsistent with respect to those counts and that they should have been charged in the alternative (*id.*). The record establishes that, in the first trial, the court properly instructed the jury to consider whether defendant was guilty of assault in the second degree only if the jury acquitted defendant of assault in the first degree. Because the jury in the first trial found defendant guilty of assault in the first degree, it "never reached—i.e., did not have 'a full opportunity to return a verdict' " on the lesser included count (*Suarez*, 10 NY3d at 537), and defendant

therefore was never acquitted of that lesser included count (*see* CPL 300.50 [4]). Thus, "constitutional double jeopardy poses no impediment to [defendant's] retrial for" the lesser included offense (*Suarez*, 10 NY3d at 538). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.