[967 NE2d 179, 943 NYS2d 801]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EXTALE, Appellant.

Argued February 7, 2012; decided March 27, 2012

**POINTS OF COUNSEL**

*Muldoon & Getz*, Rochester (*Jon P. Getz* of counsel), for appellant. I. Defendant's right to a trial by indictment as voted by the grand jury is guaranteed by the New York Constitution, article I, § 6. (*Matter of Simonson v Cahn*, 27 NY2d 1; *People v Boston*, 75 NY2d 585; *People v Perez*, 83 NY2d 269; *People v Lancaster*, 69 NY2d 20; *People v Ercole*, 308 NY 425; *People v Van Every*, 222 NY 74; *Ex parte Bain*, 121 US 1; *People v Grega*, 72 NY2d 489; *People v Kuehn*, 5 AD2d 516; *People v Banville*, 134 AD2d 116.) II. Because of the first order of the Appellate Division, charging assault in the second degree in the second trial as a lesser-included offense of assault in the first degree violated CPL 40.20, the Fifth and Fourteenth Amendments of the United States Constitution and article I, § 6 of the New York Constitution. (*People v Gause*, 81 AD3d 1293; *J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey*, 45 AD3d 809; *People v Rodriguez*, 30 AD3d 691; *Benton v Maryland*, 395 US 784; *People v Gravesandy*, 221 AD2d 465; *People v Williams*, 133 AD2d 717; *People v Maldonado*, 123 AD2d 788; *People v Skinner*, 57 AD2d 785.) III. The proper remedy is reversal and dismissal of the assault in the second degree conviction. (*People v Maharaj*, 89

NY2d 997; *People v Flynn*, 79 NY2d 879; *People v Scala*, 26 NY2d 753; *People v Watkins*, 233 AD2d 904; *People v Gibson*, 54 AD3d 350; *People v Burwell*, 53 NY2d 849.)

*Michael C. Green, District Attorney*, Rochester (*Geoffrey Kaeuper* of counsel), for respondent. I. Defendant's right to a trial by grand jury indictment was not violated. (*People v Lancaster*, 69 NY2d 20; *People v Franco*, 86 NY2d 493; *People v Iannone*, 45 NY2d 589; *People v Wilkins*, 68 NY2d 269; *People v Cade*, 74 NY2d 410; *People v Leon*, 7 NY3d 109.) II. The District Attorney had the authority to withdraw one count of the indictment and proceed to trial on the remaining charges. (*People v Di Falco*, 44 NY2d 482; *People v Baker*, 14 NY3d 266; *Matter of Suarez v Byrne*, 10 NY3d 523; *People v Fraser*, 96 NY2d 318; *People v Leon*, 7 NY3d 109; *People v Zimmer*, 51 NY2d 390; *People v Urbaez*, 10 NY3d 773; *People ex rel. Gardenier v Board of Supervisors of County of Columbia*, 134 NY 1; *People v Feingold*, 7 NY3d 288; *People v Grega*, 72 NY2d 489.) III. The court properly submitted assault in the second degree to the jury at defendant's second trial. (*People v Charles*, 78 NY2d 1044.) IV. Defendant has not claimed any error for which the remedy is dismissal of the indictment. (*People v Leon*, 7 NY3d 109.)

*Janet DiFiore, District Attorney*, White Plains (*Patrick J. Hynes* and *David P. Stromes* of counsel), for District Attorneys Association of the State of New York, amicus curiae. District attorneys enjoy broad discretion in determining which crimes to prosecute and, absent any limitation in the Criminal Procedure Law, may elect, prior to the commencement of trial, to withdraw charges returned against a defendant by a grand jury. (*People v Urbaez*, 10 NY3d 773; *People v Di Falco*, 44 NY2d 482; *Costello v United States*, 350 US 359; *Fields v Soloff*, 920 F2d 1114; *People v Valles*, 62 NY2d 36; *United States v Sells Engineering, Inc.*, 463 US 418; *United States v Cox*, 342 F2d 167; *People v Douglass*, 60 NY2d 194; *United States v Cadarr*, 197 US 475; *Confiscation Cases*, 74 US 454.)

### OPINION OF THE COURT

Smith, J.

We hold that a prosecutor does not have the unilateral power to dismiss a count of a grand jury indictment over a defendant's objection. Whether such a count should be dismissed at the prosecutor's request is an issue to be decided by the court in its discretion.

## I

In 2004, defendant drove his pickup truck into a police officer, injuring her seriously. A grand jury indicted him for several crimes, including first degree assault (intentionally causing serious physical injury by means of a dangerous instrument [Penal Law § 120.10 (1)]) and first degree vehicular assault (with criminal negligence, causing serious physical injury while driving while intoxicated, in the presence of certain aggravating factors [Penal Law § 120.04 (1), (2) (b); *see* former Penal Law § 120.03 (1)]). Defendant was convicted of these and other charges, but the Appellate Division ordered a new trial on the first degree assault and first degree vehicular assault counts, holding that they required inconsistent mental states and should have been submitted to the jury in the alternative (*People v Extale*, 42 AD3d 897 [4th Dept 2007]).

At the second trial, before jury selection, the prosecutor announced to the judge: "the People do intend to withdraw the second count of the indictment and proceed solely on the Assault in the First Degree count." Defense counsel objected, and the prosecutor replied tersely: "I believe the People can choose what charges to go forward on, and we're doing so." The court agreed with the prosecutor, saying: "I believe you have the authority, if you wish, to withdraw the second count of the indictment," and the trial proceeded on one count only.

Defendant was convicted of second degree assault (Penal Law § 120.05 [4] [recklessly causing serious physical injury by means of a dangerous instrument]) as a lesser included offense of first degree assault. The Appellate Division affirmed, rejecting defendant's argument "that County Court erred in allowing the prosecutor to withdraw the count charging him with vehicular assault in the first degree" (*People v Extale*, 78 AD3d 1519, 1520 [4th Dept 2010]). A Judge of this Court granted leave to appeal (16 NY3d 830 [2011]), and we now reverse and order a new trial.

## II

Usually, of course, a defendant is happy to have a charge against him dismissed, and it is the People who oppose dismissal. But a role reversal can occur when a defendant, not optimistic about the likelihood of acquittal, wants the jury to have a chance to compromise or exercise mercy by convicting him of a lesser crime (*see People v Leon*, 7 NY3d 109, 113-114 [2006]).

This line of thinking often leads defendants to request submission of a lesser included offense, in addition to the offense charged in the indictment, and the defendant is entitled to have such an offense submitted "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50 [1]; *see* CPL 300.50 [2]).

■ Here, the crime that defendant wanted the jury to consider, and the People did not, was not a lesser included offense, but one of the offenses for which defendant was indicted. The People argue that they have discretion to withdraw such a count. We disagree: the discretion is the trial court's, not the People's.

There was a time—almost two centuries ago—when the power to dismiss a count of an indictment was the prosecutor's, and the prosecutor's alone. At "early common law" dismissal was by nolle prosequi, which only a prosecutor, not a court, could enter (*People v Douglass*, 60 NY2d 194, 201-202 [1983]). In 1828, however, the prosecutor's power was limited by a statute requiring court approval (2 Revised Statutes of New York, part IV, ch II, tit IV, § 54, at 728 [1st ed 1829]), and in 1881 the nolle prosequi was abolished and the power to dismiss transferred from the prosecutor to the judge. The 1881 Legislature adopted the Code of Criminal Procedure, which included the following sections:

> "§ 671. Court may order indictment to be dismissed.
>
> "The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed. . . .
>
> "§ 672. Nolle prosequi abolished; no indictment to be dismissed or abandoned except according to this chapter.
>
> "The entry of a *nolle prosequi* is abolished; and neither the attorney-general, nor the district attorney, can discontinue or abandon a prosecution for a crime, except as provided in the last section" (Code of Criminal Procedure §§ 671, 672).

These two sections remained in force until the Criminal Procedure Law replaced the Code of Criminal Procedure in 1970. At that time, the substance of section 671 was incorporated in

what is now CPL 210.40 (3), which says: "An order dismissing an indictment in the interest of justice may be issued upon motion of the people or of the court itself as well as upon that of the defendant. Upon issuing such an order, the court must set forth its reasons therefor upon the record."

Section 672 of the Code of Criminal Procedure, abolishing the nolle prosequi, was not carried forward into the Criminal Procedure Law. The People, and the amicus supporting them, suggest that this omission was a repeal of the abolition, and thus brought the nolle prosequi back into existence. We find the suggestion unpersuasive. Nothing in the text or legislative history of the Criminal Procedure Law expresses any intention to restore to prosecutors the unilateral right to refuse to proceed on a count of a grand jury indictment. The omission in the new statute of any counterpart to the old section 672 is more likely to mean simply that the Legislature thought it unnecessary to say in 1970 that the nolle prosequi power was "abolished," when that power had been nonexistent for 89 years.

The nolle prosequi power still does not exist, and therefore County Court erred here in believing that the prosecutor could, at her own discretion, choose not to proceed with the first degree vehicular assault count of the indictment. That does not mean that the count *had* to be submitted to the jury if defendant wanted it to be, but the issue was one for the trial court's discretion, not the prosecutor's. The People could have moved for dismissal in the interest of justice under CPL 210.40 (3), or the court could have exercised its discretion under CPL 300.40 (6) (a) to withdraw a count from the jury when "[t]he people consent that it not be submitted" (*see Leon,* 7 NY3d at 112-113). And it may be that the court has inherent power to dismiss a count with the consent of the People even in situations to which neither CPL 210.40 (3) nor 300.40 (6) (a) applies; that is an issue not before us, on which we express no opinion. Nor need we address a situation in which the prosecutor wants to dismiss a count of an accusatory instrument that did not originate with a grand jury (*see* CPL 100.10; *cf. People v Urbaez,* 10 NY3d 773 [2008]). We hold only that in a case like this the prosecutor is not empowered to dismiss a count without court approval.

Of course it is possible that, if County Court had understood itself to have discretion in this case, it would have exercised that discretion in the prosecutor's favor and dismissed the first degree vehicular assault count. We cannot know that, however:

the trial judge made quite clear that he was deferring to the prosecutor's choice, not making a choice of his own. Nor can we be sure that the dismissal of the vehicular assault count did not affect the jury's verdict. We have recognized that, "as a practical matter," the opportunity to convict a defendant of a less serious charge "may affect a jury's deliberations" (*People v Boettcher*, 69 NY2d 174, 180 [1987]). Here, the jury might have chosen to convict defendant on the withdrawn count, first degree vehicular assault, rather than the second degree assault charge on which it did convict him. If it had made that choice, that would have benefitted defendant, because, while both these crimes are class D felonies, second degree assault is defined as a violent felony while first degree vehicular assault is not (*see* Penal Law § 70.02 [c]). Defendant is therefore entitled to have his conviction set aside.

■ Defendant suggests that, since he has already served the term of imprisonment to which he was sentenced, a new trial would serve no purpose and the indictment should be dismissed. We reject the suggestion. While we have sometimes ordered dismissal rather than a new trial in cases involving "relatively minor crimes" (*People v Burwell*, 53 NY2d 849, 851 [1981]), this is not such a case. The crimes charged here are serious, and the People should not be barred from trying again to obtain a conviction, if they think that effort is justified.

Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.

Chief Judge Lippman and Judges Ciparick, Graffeo, Read, Pigott and Jones concur.

Order reversed, etc.