[941 NYS2d 76]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KEITH R., Respondent.

First Department, March 27, 2012

**APPEARANCES OF COUNSEL**

*Robert T. Johnson, District Attorney*, Bronx (*Stanley R. Kaplan* and *Joseph N. Ferdenzi* of counsel), for appellant.

*Legal Aid Society*, New York City (*Steven Banks* and *Svetlana M. Kornfeind* of counsel), for respondent.

**OPINION OF THE COURT**

Tom, J.

While incarcerated on Rikers Island under a sentence imposed for an unspecified offense, defendant assaulted and injured a female correction officer who was attempting to remove contraband from his jail cell. A male correction officer who came to her assistance was also punched and assaulted. Under a misdemeanor information, defendant was initially charged with two counts of third-degree assault, obstructing governmental administration, and two counts of second-degree harassment. The information was later amended to specify a single count of attempted assault in the third degree. At the close of a *Wade/Dunaway* hearing, defendant made an oral motion to dismiss the amended information in the interest of justice. Supreme Court granted the motion, stating, among other reasons, that as of the date of trial, "Defendant already had served more than two months beyond the maximum period he would have had to serve if convicted" (29 Misc 3d 1213[A], 2010 NY Slip Op 51808[U], *2 [2010]). Under these circumstances and in consideration of the budgetary constraints and increasing caseloads confronting the judicial system, the court regarded the expenditure of judicial, prosecutorial and defense resources to try the misdemeanor offense as "unduly wasteful" (2010 NY Slip Op 51808[U], *5).

We disagree with the motion court's assessment. The record does not support the court's conclusion that defendant was being detained on the charge arising out of his assault on the correction officers. Nor does the record reflect compelling circumstances demonstrating that prosecution of the attempted assault charge would result in injustice (see CPL 170.40; *People v Rickert*, 58 NY2d 122 [1983]).*

It is the District Attorney's prerogative to prosecute those who commit crimes, to bring charges or discontinue criminal proceedings, and to determine the nature of the charges preferred against a defendant (*People v Zimmer*, 51 NY2d 390, 394 [1980]). That prerogative should not be lightly abrogated by a court's exercise of its interest of justice power, which we have cautioned "should be exercised sparingly" (*People v Insignares*, 109 AD2d 221, 234 [1985], *lv denied* 65 NY2d 928 [1985] [internal quotation marks omitted]). Such discretion is appropriately reserved for "the unusual case that cries out for fundamental justice beyond the confines of conventional considerations of 'legal or factual merits of the charge or even on the guilt or innocence of the defendant' " (*People v Belge*, 41 NY2d 60, 62-63 [1976, Fuchsberg, J., concurring], quoting *People v Clayton*, 41 AD2d 204, 206 [1973]). The statute requires the court to determine the existence of some "compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusa-

---

* CPL 170.40 (1), applicable to misdemeanors, like CPL 210.40, applicable to felonies, requires that a court consider:

"(a) the seriousness and circumstances of the offense;

"(b) the extent of harm caused by the offense;

"(c) the evidence of guilt, whether admissible or inadmissible at trial;

"(d) the history, character and condition of the defendant;

"(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;

"(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;

"(g) the impact of a dismissal on the safety and welfare of the community;

"(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;

"(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;

"(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose."

tory instrument or count would constitute or result in injustice" (CPL 170.40 [1]).

None of the criteria listed in CPL 170.40 (1) affords support for dismissal of the criminal information in this matter. Defendant's acts on January 28, 2009 of assaulting two correction officers with resulting injuries was a serious incident without any justification. During a search of defendant's property in the housing area of Rikers Island, Correction Officer Kelly Gonzalez removed a Tupperware bowl, a listed contraband, in defendant's presence. As a result, defendant pushed Gonzalez in the chest and struck her mouth with his elbow. From the force of the blow, Gonzalez fell and struck a gate with her right hand before landing on the floor. Correction Officer Carlos Vasquez observed the incident and attempted to aid Gonzalez. As he approached, defendant punched him in the chest, and a physical alteration ensued. After Gonzalez got back up from the floor, she warned defendant that she was going to "spray" him. She then sprayed defendant with a chemical agent as defendant kept punching Vasquez. Defendant told Gonzalez, "Bitch, you sprayed me. I'm going to kill you. I'm going to get you." Defendant then charged at Gonzalez but was grabbed by Vasquez from behind and thrown to the ground, where he was restrained until back-up officers arrived. As a result of the incident, Gonzalez suffered a swollen mouth and injury to her arm, which required surgery to repair torn ligaments in her right wrist. She was out of work for six months as a result of her injuries and still feels the effects in her hand and trigger finger. Vasquez developed a severe carpal tunnel condition in his right hand and a slight tear in his right shoulder. He received 50% disability benefits for the injury to his right arm.

Defendant was charged with third-degree assault and, as the motion court noted, those charges were reduced in order to permit trial without a jury, thereby reducing the severity of the potential penalty. Unlike the cases cited by way of example in *Rickert* (58 NY2d at 132) and relied on by the motion court, this was a serious crime resulting in substantial injury to two correction officers. No misconduct is alleged in connection with the prosecution of the offense, nor is any reflected in the record, and the court did not deem it appropriate to consider "the attitude of the . . . victim[s]" with respect to the dismissal motion (CPL 170.40 [1] [i]). Furthermore, defendant has an extensive criminal history, which includes 4 felony convictions and 10 misdemeanor convictions at the time the criminal infor-

mation was dismissed. In addition, there were 13 open charges, 5 of which were felonies, 4 misdemeanors and 4 unspecified offenses. Four warrants were issued due to defendant's failure to appear in court, and parole was revoked on four occasions. Defendant has provided seven different aliases and five different dates of birth in the course of some 31 arrests.

As to the effect of dismissal on either public safety and welfare or public confidence in the criminal justice system, neither objective will be advanced by permitting defendant to elude prosecution. Defendant asserts that he was incarcerated on this matter in March 2009, released in June 2009, rearrested on May 17, 2010 and has been "continually incarcerated on this case since that time," but the record suggests otherwise. While the transcript reflects that the People did nothing to dispel the motion court's misconception that defendant had been continuously detained in connection with the subject assault, the court's notes for the calendar appearance of May 17, 2010 state that defendant "now has a Queens case," and the People have advised this Court that, according to the Web site maintained by the New York City Department of Correction, "defendant was incarcerated on the Queens County case from May 16, 2010 until February 24, 2011, the date he pleaded guilty."

While the motion court cannot be faulted for relying on the uncontroverted assertions advanced by defense counsel, it remains that the record, as clarified by the People, does not support the court's expressed concern that prosecution of this matter will erode public confidence because the criminal justice system could then be perceived to "regularly incarcerate defendants awaiting trial for periods longer that the potential sentences those defendants would face after a conviction." That defendant was detained in connection with an unrelated offense while awaiting trial on this matter hardly supports dismissal in the interest of justice. As the People rightly argue, defendant is not entitled to a windfall because he is a career criminal. By the same token, public safety and confidence in the criminal justice system will not be promoted by permitting an offense to go unpunished because it was committed while defendant was serving a sentence on an unrelated crime. Further, a conviction will put the Correction Department on notice of defendant's utter disregard and contempt for institutional rules and regulations, and the safety and welfare of prison staff. In addition, while the conservation of increasingly scarce judicial resources is a commendable goal, it is insufficient alone to warrant supplanting the prosecutor's discretion to decide how to proceed with a case.

Accordingly, the order of the Supreme Court, Bronx County (Colleen D. Duffy, J.), entered October 28, 2010, which granted defendant's CPL 170.40 (1) motion to dismiss the accusatory instrument in the interest of justice, should be reversed, on the law, the motion denied, the record unsealed, the criminal information reinstated, and the matter remanded for further proceedings. The Clerk is directed to unseal the record.

GONZALEZ, P.J., CATTERSON, RICHTER and ROMÁN, JJ., concur.

Order, Supreme Court, Bronx County, entered October 28, 2010, reversed, on the law, the motion denied, the record unsealed, the criminal information reinstated, and the matter remanded for further proceedings. The Clerk is directed to unseal the record.