*374 OPINION OF THE COURT
Dakota D. Ramseur, J.
By prior order, upon finding that the counts in the original accusatory instrument were replaced and superseded on February 5, 2015, pursuant to CPL 100.50 (3), this court denied the People’s application for a determination that said counts remain in effect. Defendant now moves for an order, pursuant to CPL 170.30 (1) (a) and CPL 170.40, dismissing the counts in the superseding information in the interest of justice. Alternatively, defendant moves for an order suppressing any and all statements taken from defendant for which the People served proper notice, or for a hearing for findings of fact and conclusions of law; precluding the People from introducing at trial any evidence of defendant’s prior convictions or bad acts; and for additional relief as the court deems just and proper. The People oppose defendant’s motion in its entirety.
For the reasons set forth below, defendant’s motion for an order dismissing the counts in the superseding information is denied. Defendant’s request for a Huntley hearing is granted. Defendant’s Sandoval application is reserved to the trial court.
I. Background Information
Before addressing defendant’s motion to dismiss, a discussion expanding upon this court’s prior ruling concerning the effect of the superseding information filed on February 5, 2015 is warranted.
A review of the court file and the record of the proceedings in this matter reveals that on October 21, 2014, defendant was arraigned on a felony complaint in which defendant was charged with offenses stemming from two criminal transactions. As to the first incident, defendant was charged with criminal mischief in the fourth degree (Penal Law § 145.00 [1]), menacing (Penal Law § 120.15), disorderly conduct (Penal Law § 240.20 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). With respect to the second incident, defendant was charged with criminal impersonation in the first degree (Penal Law § 190.26), and criminal impersonation in the second degree (Penal Law § 190.25 [2]).
On December 15, 2014, the People made an application to dismiss the sole felony count. On that date and on the subsequent adjourn date, February 3, 2015, the court adjourned the matter for conversion as the People had failed to convert the misdemeanor complaint into an information. On February *375 5, 2015, prior to the next adjourn date, the People filed a statement of readiness accompanied by a second accusatory instrument which consists of a misdemeanor complaint and a supporting affidavit, which taken together, satisfy the requirements for a valid information. This instrument retains the count of criminal impersonation in the second degree (Penal Law § 190.25 [2]) in the felony complaint, adds a new count of criminal impersonation in the second degree (Penal Law § 190.25 [3]), and alleges additional facts. Notably, it does not include any of the other offenses charged in the felony complaint.
A. The filing of multiple accusatory instruments is inherent to a criminal action.
It is well established that the law “provides the prosecutor with broad discretion to decide what crimes to charge . . . , including reducing a charge when appropriate.” (People v Urbaez, 10 NY3d 773, 775 [2008], citing People v Eboli, 34 NY2d 281 [1974].) The law álso authorizes the filing of multiple instruments in the course of a criminal action, including the filing of a superseding instrument containing additional facts and charging offenses not included in a previously filed instrument. (See CPL 100.05, 100.50; see also People v Thomas, 4 NY3d 143 [2005].) CPL 100.50 governs the use of superseding informations. (Thomas, 4 NY3d at 146.)
Pursuant to section 100.50 (1) of the Criminal Procedure Law:
“If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor’s information, another information or, as the case may be, another prosecutor’s information is filed with the same local criminal court charging the defendant with an offense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.”
Here, the People, relying on CPL 100.50 (1), argued that the filing of the superseding instrument on February 5, 2015 “did not function to dismiss” the counts in the “felony complaint” *376 charging criminal mischief in the fourth degree (Penal Law § 145.00 [1]), menacing (Penal Law § 120.15), disorderly conduct (Penal Law § 240.20 [1]), and harassment in the second degree (Penal Law § 240.26 [1]). Citing People v Thomas (4 NY3d 143 [2005]), the People argued that CPL 100.50 (1) makes clear that two accusatory instruments can coexist if a superseding instrument is filed that does not contain charges that appear in the first instrument. As such, the People contend that, here, in following the plain meaning of CPL 100.50 (1), the original accusatory instrument was not superseded with respect to the counts contained therein charging offenses not contained in the superseding information. This court disagreed.
B. The original accusatory instrument was not yet converted to an information.
Although the People relied on CPL 100.50 (1) in support of their contention that, here, two accusatory instruments can and do coexist, such reliance is misplaced. While CPL 100.50 (1) does contemplate a circumstance where a superseding instrument coexists with the instrument it supersedes, that provision presupposes that the accusatory instrument which the People seek to supersede is an information. Indeed, other courts have interpreted CPL 100.50 (1) to only apply in circumstances where the People sought to supersede an existing information with another information. (See People v Green, 192 Misc 2d 296, 297 [Nassau Dist Ct 2002]; People v Gutirrez, 184 Misc 2d 60 [Sleepy Hollow Just Ct 2000].) No such circumstance exists here as what the People sought to supersede was a misdemeanor complaint and not an information. Because the plain language of CPL 100.50 (1) contemplates a circumstance where “another information” is filed charging the defendant with an offense charged in an already filed information, CPL 100.50 (1) is not applicable here. Rather, CPL 100.50 (3) which references a separate provision governing the replacement of misdemeanor complaints by information applies.
Pursuant to CPL 100.50 (3), “[a] misdemeanor complaint must or may be replaced and superseded by an information pursuant to the provisions of section 170.65.” CPL 170.65 (1) provides, in relevant part, that
“[a] defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must ... be replaced by an information, and the defendant must be arraigned thereon. If the *377 misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information.” (Emphasis added.)
C. The counts in the original accusatory instrument were replaced and superseded by the filing on February 5, 2015.
 Based on the language of CPL 170.65 (1), to satisfy the requirement of CPL 100.50 (3), the People were at liberty to file a supporting deposition to supplement the misdemeanor complaint, thereby converting the misdemeanor complaint to a “replacing information.” Instead, here, the People exercised their right to file a superseding information. Pursuant to CPL 100.50 (3) and 170.65, such filing replaced and superseded the misdemeanor complaint in its entirety. Thus, the only charges remaining in the instant action are those charges contained within the superseding information: criminal impersonation in the second degree (Penal Law § 190.25 [2]), and criminal impersonation in the second degree (Penal Law § 190.25 [3]). That the People did not move to dismiss the charges in the misdemeanor complaint does not, however, mean that the misdemeanor complaint, or any counts therein, remain extant. Unlike the language of CPL 100.50 (1), the language of CPL 100.50 (3) does not mandate that the court dismiss any counts of the first instrument. (Compare CPL 100.50 [3] with CPL 100.50 [1].) Rather, the “dismissal” of the original misdemeanor complaint in the instant matter occurred by operation of law. {See CPL 100.50 [3]; 170.65 [2].) Thus, there arose no statutory obligation under CPL 100.50 (3) for the court to affirmatively dismiss the charges contained in the misdemeanor complaint. (See generally People v Bowman, 84 NY2d 923 [1994].)
Although the People argued that, pursuant to People v Extale (18 NY3d 690 [2012]), the People do not have discretion to unilaterally dismiss charges, such an assertion is disingenuous. First, the People’s reliance on People v Extale is misplaced. In Extale, the Court held that a prosecutor does not have the unilateral power to dismiss a count of a grand jury indictment over a defendant’s objection. (18 NY3d at 692.) There, the Court made clear that, under such circumstance, “whether ... a count should be dismissed at [a] prosecutor’s request is an issue to be decided by the court in its discretion.” {Id.) Such circumstance, however, is not relevant here. Second, as per the *378 plain language of CPL 170.65 (2), the People were at liberty to exercise their broad discretion to include in the superseding information any of the charges contained in the misdemeanor complaint.* However, here, the People chose to include only those charges pertaining to criminal impersonation in the second degree (Penal Law § 190.25 [2], [3]).
The People’s argument that the court did not ask the People whether they were moving to dismiss the original charges lacks merit. Had the instrument which the People sought to supersede satisfied the requirements of an information, there may have arisen for the court a need to inquire whether, in filing the superseding information, the People sought to proceed only with the counts contained therein. However, here, the court was under no occasion to believe the People sought to do differently as the People had yet to convert the original accusatory instrument — a misdemeanor complaint — into an information.
Since the original accusatory instrument had yet to be converted to an information, the instrument was replaced and superseded, pursuant to CPL 100.50 (3), by the People’s filing on February 5, 2015. As such, the only remaining charges are those set forth in the superseding information, for which defendant now seeks an order of dismissal in the interest of justice.
II. Dismissal in Furtherance of Justice
CPL 170.40 empowers the court to dismiss an information in the furtherance of justice, where, although there is no basis for dismissal as a matter of law, there exists a “compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” (CPL 170.40 [1].)
*379 “In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
“(a) the seriousness and 'circumstances of the offense;
“(b) the extent of harm caused by the offense;
“(c) the evidence of guilt, whether admissible or inadmissible at trial;
“(d) the history, character and condition of the defendant;
“(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest and prosecution of the defendant;
“(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
“(g) the impact of a dismissal on the safety or welfare of the community;
“(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
“(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
“(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.”
(Id.; see also People v Rickert, 58 NY2d 122 [1983].)
The decision to dismiss an information in the furtherance of justice lies within the sound discretion of the court {see CPL 170.40 [1]). “The exercise of this discretion requires a value judgment by the court based upon a ‘sensitive’ balancing of the interests of the individual and the State.” (People v Belkota, 50 AD2d 118, 120 [4th Dept 1975], citing People v Clayton, 41 AD2d 204, 208 [1973].) The court’s discretion to dismiss in furtherance of justice, however, “should be exercised sparingly” (People v Keith R., 95 AD3d 65, 67 [1st Dept 2012], quoting People v Insignares, 109 AD2d 221, 234 [1st Dept 1985]) and “is appropriately reserved for ‘the unusual case that cries out for fundamental justice beyond the confines of conventional consideration of “legal or factual merits of the charge or even on the guilt or innocence of the defendant.” ’ ” (Id., quoting People v Beige, 41 NY2d 60, 62-63 [1976].)
*380 A. There exists no compelling factor, consideration, or circumstance demonstrating that conviction or prosecution of the defendant upon the counts charged in the superseding information would constitute or result in an injustice.
This court has examined and considered the relevant criteria, both individually and collectively, and finds that defendant fails to show that there exists a compelling factor warranting dismissal in the interest of justice of the counts of the superseding instrument. Although defendant contends that the instant matter falls squarely within the principles for which CPL 170.40 was created, it cannot be said that the facts of defendant’s case and the surrounding circumstance present “the unusual case that cries out for fundamental justice beyond the confines of conventional considerations” to which the exercise of the court’s discretion under CPL 170.40 is appropriately reserved. (See People v Keith R., 95 AD3d at 67, quoting People v Belge, 41 NY2d 60, 62-63 [1976].) As the People note, defendant is alleged to have identified himself as a correction officer during and after his arrest for criminal mischief, menacing, disorderly conduct, and harassment. That the circumstances of defendant’s arrest for criminal impersonation differ from those for which people are typically prosecuted does not diminish the seriousness of the offense with which defendant is charged — a charge which, as the People contend, the legislature has designated a class A misdemeanor punishable by imprisonment of up to one year or a $1,000 fine.
While the People invite this court to consider the extreme harm which could have resulted under a different set of circumstances, the relevant harm is that which was caused by defendant’s offense. (See CPL 170.40 [1] [b].) Here, although the People concede that no significant harm resulted from defendant’s actions, such circumstance does not outweigh the evidence of guilt or the People’s interest in prosecuting the case.
Equally unavailing is defendant’s argument that his character, lack of criminal history and commitment to service collectively warrant dismissal. (See People v Kelley, 141 AD2d 764 [2d Dept 1988] [holding that the mere fact that the defendant was a police officer who had no prior record and an exemplary background was insufficient to justify the exercise of the court’s discretion to dismiss in the interest of justice].) While an individual’s service to the military and commitment to public service is certainly worthy of being commended, such consider *381 ations are insufficient to warrant dismissal of the instant matter — even taking as true defendant’s contention that a conviction for criminal impersonation would completely foreclose any future in his chosen profession. (See People v Colonramos, 49 Misc 3d 135[A], 2015 NY Slip Op 51482[U] [App Term, 1st Dept 2015] [holding that defendant’s lack of a criminal record, prior military service and possibility that conviction will render her ineligible to reenlist in the military are insufficient to justify a dismissal in the interest of justice].)
As defendant has failed to establish his burden of demonstrating some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would constitute or result in injustice, dismissal in the interest of justice is not proper.
Accordingly, defendant’s motion to dismiss the instant matter pursuant to CPL 170.40 is hereby denied.

 Pursuant to CPL 170.65 (2),
“[a]n information which replaces a misdemeanor complaint need not charge the same offense or offenses, but at least one count thereof must charge the commission by the defendant of an offense based upon conduct which was the subject of the misdemeanor complaint. In addition, the information may, subject to the rules of joinder, charge any other offense which the factual allegations thereof or of any supporting depositions accompanying it are legally sufficient to support, even though such offense is not based upon conduct which was the subject of the misdemeanor complaint.”