(May 12, 2016)

■ The People of the State of New York, Respondent, v Michael Howell, Appellant. [29 NYS3d 803]—

Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered May 18, 2012, convicting defendant, after a nonjury trial, of attempted criminal possession of a controlled substance in the seventh degree, and sentencing him to a term of 90 days, unanimously affirmed.

The court properly exercised its discretion in denying defendant's CPL 210.40 motion to dismiss the charges in furtherance of justice. After considering the statutory factors in totality, we find no "compelling factor" (CPL 210.40 [1]) that would warrant that "extraordinary remedy" (*People v Moye*, 302 AD2d 610, 611 [2d Dept 2003]), "which we have cautioned should be exercised sparingly" (*People v Keith R.*, 95 AD3d 65, 67 [1st

Dept 2012], *lv denied* 19 NY3d 963 [2012] [internal quotation marks omitted]). Defendant's complaints about the validity of his original prosecution for felony charges, upon which the People were unable to proceed, do not undermine the remaining misdemeanor drug charge, and there is no extraordinary circumstance warranting dismissal of that charge.

The motion court implicitly considered the statutory factors, and defendant's challenge to the form of the court's decision is unavailing. Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.