■ The People of the State of New York, Respondent, v Keith Hall, Appellant. [54 NYS3d 295]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered February 19, 2014, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, unanimously modified, on the law, to the

extent of vacating the persistent violent felony offender. adjudication only with respect to the weapon possession conviction, and remanding for resentencing on that conviction as a second felony offender, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its evaluation of the victim's explanation for initially giving false accounts of the incident.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). Defendant's theft-related convictions were highly relevant to his credibility. Defendant's *Sandoval* motion preserved a challenge to the court's substantive ruling, but failed to preserve defendant's present procedural arguments concerning the court's determination of the motion, and we decline to review them in the interest of justice. As an alternative holding, we find these procedural claims to be unsupported by a fair reading of the record, and unavailing.

The court providently exercised its discretion in denying defendant's CPL 210.40 motion to dismiss the charges in furtherance of justice. After considering the statutory factors in totality, we find no "compelling factor" (CPL 210.40 [1]) that would warrant that "extraordinary remedy" (*People v Moye*, 302 AD2d 610, 611 [2d Dept 2003]), "which we have cautioned should be exercised sparingly" (*People v Keith R.*, 95 AD3d 65, 67 [1st Dept 2012], *lv denied* 19 NY3d 963 [2012] [internal quotation marks omitted]; *see also People v Marshall*, 106 AD3d 1, 11 [1st Dept 2013], *lv denied* 21 NY3d 1006 [2013]).

As the People concede, defendant's present conviction of criminal possession of a weapon in the third degree was under a subdivision (Penal Law § 265.02 [1]) not constituting a violent felony (Penal Law § 70.02 [1] [c]). Accordingly, defendant could not be sentenced as a persistent violent felony offender on that conviction. The parties agree that the matter should be remanded for resentencing on that conviction. Concur—Sweeny, J.P., Mazzarelli, Andrias, Moskowitz and Gische, JJ.