People v Gentles (2019 NY Slip Op 02623)





People v Gentles


2019 NY Slip Op 02623


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Oing, Singh, JJ.


8898 1924/13

[*1]The People of the State of New York, Respondent,
v Dwayne Gentles, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Miriam Best, J.), rendered August 13, 2015, convicting defendant, after a jury trial, of overdriving, torturing, and injuring animals (Agriculture & Markets Law § 353), and sentencing him to a term of one year, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.
We find that there was an unpreserved error warranting reversal in the interest of justice. As the People essentially concede, the court's jury charge constructively amended the indictment (see People v Kaminski, 58 NY2d 886 [1982]). The indictment was limited to a theory that defendant personally mistreated his dog. However, the court read Agriculture & Markets Law § 353 to the jury almost in its entirety, including a provision that would allow the jury to convict defendant if he merely permitted another person to mistreat his dog. Unlike ordinary accessorial liability under Penal Law § 20.00, this theory of "permitting" is an entirely different way of committing the crime from personally mistreating the animal. This error was not harmless, because there was evidence from which a reasonable jury could have inferred that defendant took the blame for his dog's condition to cover for his uncle, who lived with defendant and made inconsistent statements about whether he witnessed defendant beating the dog.
However, the fact that defendant has completed his sentence does not warrant dismissal of the indictment. That approach is suitable only in cases of "relatively minor crimes" (People v Burwell, 53 NY2d 849, 851 [1981]), and this case involves "serious" allegations (People v Extale, 18 NY3d 690, 696 [2012]) of abusing an animal. Accordingly, we remand for a new trial.
Since we are ordering a new trial, we need not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK