The People of the State of New York, 
against
Nelson Pena, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J.), rendered December 9, 2016, after a nonjury trial, convicting him of menacing in the third degree, criminal possession of a weapon in the fourth degree and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa A Crane, J.), rendered December 9, 2016, modified, on the law, to the extent of vacating the criminal possession of a weapon in the fourth degree conviction, and remanding for a new trial on the charge of attempted criminal possession of a weapon in the fourth degree, and otherwise affirmed.
With respect to the charges of menacing in the third degree and harassment in the second degree, defendant's legal insufficiency claim is unpreserved (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict on these charges was based upon legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), which showed that defendant brandished a cane sword at complainant during an argument in complainant's apartment. We are also satisfied that the evidence was legally sufficient to disprove defendant's justification defense beyond a reasonable doubt (see Penal Law § 35.20[2]; see also People v Brown, 33 NY3d 316 [2019]; Matter of Y.K., 87 NY2d 430 [1996]). 
Defendant's claim that he was entitled to a jury trial pursuant to People v Suazo, 32 NY3d 491 (2018), is improperly raised for the first time in his reply brief (see e.g. People v Napolitano, 282 AD2d 49, 53, [2001], lv denied 96 NY2d 866 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits because, even assuming that defendant is a noncitizen, he failed to meet his burden to establish that a conviction on any of the charged crimes carries a penalty of deportation.
We agree with defendant, however, that Criminal Court had no authority to convict him of criminal possession of a weapon in the fourth degree (see Penal Law § 265.01[2]), since that offense was not charged in the prosecutor's information upon which he was tried, nor was it a lesser included offense of any of the charged misdemeanors (see CPL 350.10[6]). Although the [*2]People allege that the trial court merely misspoke when it convicted defendant of this offense, rather than the charged offense of attempted criminal possession of a weapon in the fourth degree, they never moved to resettle the record. In the circumstances, and as defendant acknowledges, the matter must be remanded for a new trial on the charge of attempted criminal possession of a weapon in the fourth degree.Although defendant has completed his sentence, we decline his invitation to dismiss the attempted weapons possession offense in view of the serious nature of the charge (see People v Extale, 18 NY3d 690, 696 [2012]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Iconcur I concur I concur
Decision Date: December 04, 2019