People v Hernandez (2021 NY Slip Op 05788)





People v Hernandez


2021 NY Slip Op 05788


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Ind No. 984/14 Appeal No. 14455 Case No. 2016-922 

[*1]The People of the State of New York, Respondent,
v
Victor Hernandez, Defendant-Appellant.


Caprice R. Jenerson, Office of The Appellate Defender, New York (Margaret E. Knight of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered May 8, 2015, convicting defendant, upon his plea of guilty, of aggravated harassment of an employee by an inmate, and sentencing him to a term of one year, unanimously affirmed.
By pleading guilty, defendant waived his statutory right to seek dismissal of the indictment (see People v Hansen, 95 NY2d 227, 231, n 3 [2000]; People v Friscia, 51 NY2d 845, 847 [1980]), including the right to seek dismissal in furtherance of justice pursuant to CPL 210.40 (see People v Kontos, 71 AD3d 507 [1st Dept 2010], lv denied 14 NY3d 889 [2010]). In any event, we find we find no "compelling factor" (CPL 210.40[1]) that would warrant that "extraordinary remedy" (People v Moye, 302 AD2d 610, 611 [2d Dept 2003]), "which we have cautioned should be exercised sparingly" (People v Keith R., 95 AD3d 65, 67 [1st Dept 2012], lv denied 19 NY3d 963 [2012] [internal quotation marks omitted]). Defendant's actions were serious, and involved a vulnerable hospital worker to whom special protections were granted by the statute under which defendant was convicted (Penal Law § 240.32). Defendant also received a favorable disposition that ran concurrently with his sentences on two robbery cases and entailed no additional incarceration.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021